| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing Date: May 21, 2009<br>Hearing Time: 10:30 a.m. |

In re:

MARIE MONTALVO

Debtor.

**NOTICE OF MOTION
FOR RELIEF**

Case No.: 09-72774
 Chapter 13

Assigned to: Hon. Alan S. Trust
Bankruptcy Judge

PLEASE TAKE NOTICE, HSBC Mortgage Services, Inc., ("Owner"), by its attorneys Steven J. Baum, P.C., moves to obtain *in rem* relief as to the real property commonly known as 117-36 238th Street, Elmont, New York 11003 such that any and all future filings by the Debtor Marie Montalvo (the "Debtor"), non-debtors John Montalvo and Louis Montalvo (the "non-debtors"), or any other person or entity with an interest in the property shall not operate as an automatic stay against the Owner and its successors and/or assigns; to terminate the automatic stay pursuant to 11 U.S.C. § 362(d)(4)(B) as to movant's interest in real property commonly known as 117-36 238th Street, Elmont, New York 11003, to dismiss the Debtor's Chapter 13 case, to bar the Debtor and non-debtors from filing any bankruptcy petition in any jurisdiction for a period of two years following the entry of the Order, together with such other and further relief as the Court deems just and equitable.

Dated: May 7, 2009
      Buffalo, New York

                            Yours, etc.
                            STEVEN J. BAUM, P.C.
                            Attorneys for Owner HSBC Mortgage Services, Inc.

                            By: /s/ Natalie A. Grigg
                                Natalie A. Grigg, Esq.
                              170 Northpointe Parkway
                              Amherst, New York 14228
                              (716)204-2400

TO:    MARIE MONTALVO              Debtor
        117-36 238TH Street
        Elmont, NY 11003

        JOHN MONTALVO              Non-Debtor
        117-36 238TH Street
        Elmont, NY 11003

        LOUIS MONTALVO             Non-Debtor
        117-36 238TH Street
        Elmont, NY 11003

        MARIANNE DEROSA, ESQ.     Chapter 13 Trustee
        100 Jericho Quadrangle
        Suite 208
        Jericho, NY 11753

        DIANA G. ADAMS, ESQ.       U.S. Trustee
        Office of the United States Trustee
        Long Island Federal Courthouse
        560 Federal Plaza – Room 560
        Central Islip, NY 11722-4437

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                                          **AFFIDAVIT**

      MARIE MONTALVO                    Case No.: 09-72774
                                          Chapter 13

                      Debtor.     Assigned to: Hon. Alan S. Trust
                                          United States Bankruptcy Judge

      HSBC Mortgage Services, Inc., ("Owner"), by its attorneys Steven J. Baum, P.C., moves to obtain *in rem* relief as to the real property commonly known as 117-36 238th Street, Elmont, New York 11003 such that any and all future filings by the Debtor Marie Montalvo (the "Debtor"), non-debtors John Montalvo and Louis Montalvo (the "non-debtors"), or any other person or entity with an interest in the property shall not operate as an automatic stay against the Owner and its successors and/or assigns; to terminate the automatic stay pursuant to 11 U.S.C. § 362(d)(4)(B) as to movant's interest in real property commonly known as 117-36 238th Street, Elmont, New York 11003, to dismiss the Debtor's Chapter 13 case, to bar the Debtor and non-debtors from filing any bankruptcy petition in any jurisdiction for a period of two years, and states as follows:

      1.      Owner submits this affirmation in support of its motion to obtain *in rem* relief, to terminate the automatic stay, and to dismiss the Debtor's Chapter 13 case and bar the Debtor and non-debtor from further filings under the Bankruptcy Code. As can be seen from the procedural

and factual background, the requested relief is appropriate because the Debtor and non-debtors, have exhibited bad faith and abuse of the bankruptcy system by their repeat filings.

## FACTUAL BACKGROUND

2. HSBC is owner of the premises commonly known as 117-36 238th Street, Elmont, New York 11003 (the "Property") by deed dated 9th day of October, 2007 and that has been sent for recording in the Office of the County Clerk for Nassau County. A copy of the deed is attached hereto as **Exhibit A**.

3. Upon information, the Debtor is an occupant of the Property.

## PROCEDURAL BACKGROUND

### Foreclosure Proceedings

4. The Debtor and non-debtors executed a mortgage dated the 16th day of September, 2005 in the amount of $320,000.00 (the "Mortgage") secured by the premises commonly known as 117-36 238th Street, Elmont, New York 11003 (the "Premises"). A copy of the Note and Mortgage, is attached hereto as **Exhibit B**.

5. On the 2nd day of June, 2006, Owner commenced foreclosure proceedings by filing a Summons, Complaint, and Notice of Pendency of Action in the Office of the Clerk of Nassau County. At the time the foreclosure was commenced the mortgage loan was contractually due for the January 1, 2006 monthly mortgage payment.

6. The Debtor and non-debtors were named defendants and failed to file an Answer to the Complaint or otherwise appear in the action.

7. On the 27th day of November, 2006, a Judgment of Foreclosure and Sale was duly entered in the County Clerk's Office of the County of Nassau. A copy of the Judgment of Foreclosure and Sale is attached hereto as **Exhibit C**.

8. The foreclosure sale of the Mortgaged Premises was completed on the 9th day of October, 2007.

9. On the 5th day of November, 2007, Marie Montalvo, Louis Montalvo, John Montalvo, Jack Doe, and any John/Jane Does residing at the Premises were served with a Notice to Quit, advising that they needed to vacate the property within 10 days or eviction proceedings would be commenced. A copy of the Notice to Quit is attached hereto as **Exhibit D**.

10. On the 23rd day of January, 2008, a Judgment Awarding Possession of Real Property was entered awarding possession of the Premises to the Owner and ordering a Warrant of Eviction. A copy of this Judgment is attached as **Exhibit E**.

11. On the 25th day of January, 2008, a Warrant of Eviction was granted by the Hon. Scott Fairgrieve. A copy of the Warrant is attached hereto as **Exhibit F**.

12. On the 4th day of February, 2008, John Montalvo filed an Order to Show Cause with the Office of the County Clerk for Nassau County seeking to vacate the foreclosure sale. On the 9th day of April, 2008, an Order was entered denying the Order to Show Cause and holding that the foreclosure sale was valid as the automatic stay was not in effect at the time of the sale. A copy of this Order is attached hereto as **Exhibit G**.

13. These individuals have continued to file motions to render the sale invalid in the underlying state court action, all to no avail.

14. Since that time, the Owner has been trying to evict the Debtor and other occupants, to wit: Louis Montalvo and John Montalvo, from the property.

15. Upon information, at no time has the Owner entered into a rental or lease agreement with the Debtor or non-debtors.

16. As is shown by the history of bankruptcy filings, the Debtor in this case as well as her family members John Montalvo and Louis Montalvo have engaged in a series of tag team filing first to prevent the foreclosure process from being completed, and now to prevent the eviction process from being completed by the Owner.

### Bankruptcy Proceedings

#### Case No. 07-70489

17. On the 15th day of February, 2007, Marie Montalvo, by and through her attorney, filed a Petition under Chapter 13 of Title 11 U.S.C. § 101 *et seq.* with this court under case no. 07-70489-dte and an Order of Relief was duly entered. Schedule A listed the Premises and noted that the Debtor's interest was a fee simple owned by herself, Louis Montalvo, and John Montalvo. Schedule D listed HSBC as a secured creditor holding a lien on the Premises.

18. The bankruptcy filing for case no. 07-70489-dte occurred five days before a foreclosure sale of the Premises was scheduled by the Secured Creditor.

19. On the 7th day of May, 2007, an Order dismissing the case was entered by the Court pursuant to a Motion made by the Chapter 13 Trustee and the case was closed on the 14th day of June, 2007. A copy of the Order of Dismissal is attached hereto as **Exhibit H**. The case was dismissed because the Debtor failed to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1, failed to commence making Chapter 13 plan payments, and failed to appear at the Section 341 Meeting of Creditors.

**Case no. 07-72320**

20. On the 25th day of June, 2007, non-debtor John Montalvo, filed a Petition under Chapter 13 of Title 11 U.S.C. § 101 *et seq.* with this court under case no. 07-72320-dem and an Order of Relief was duly entered. Schedule A listed the Premises and noted that the there was a mortgage. John Montalvo received a deficiency notice for submitting an incomplete filing.

21. The bankruptcy filing for case no. 07-72320-dem-dte occurred one day before a foreclosure sale of the Premises was scheduled by the Owner.

22. On the 27th day of July, John Montalvo received a Final Notice of 521 Deficiencies, and the case was automatically dismissed on the 10th day of August, 2007. The case was closed on the 28th day of August, 2007.

**Case no: 07-73978**

23. On the 9th day of October, 2007, non-debtor John Montalvo, filed a Petition under Chapter 13 of Title 11 U.S.C. § 101 *et seq.* with this court under case no. 07-73978 and an Order of Relief was duly entered. A notice of deficiency was issued on the same day, indicating that John Montalvo failed to file a statistical summary of certain liabilities, scheduled, statement of financial affairs, statement of current monthly income and means test, and copies of pay statements.

24. The bankruptcy filing for case no. 07-73978 occurred on the same day as a scheduled foreclosure sale by the Secured Creditor. However, as can be seen from the underlying state court proceedings, the case was not entered by the Clerk until after completion of the foreclosure sale, and it has been determined in the underlying state court proceedings that the sale was valid.

25. A final notice of deficiency was issued on the 19th day of November, 2007. On the 26th day of November, 2007 the case was automatically dismissed, and on the 17th day of December 2007 the case was closed.

### Case no. 08-73596

26. On the 8th day of July, 2008, Marie Montalvo, filed a Petition under Chapter 13 of Title 11 U.S.C. § 101 *et seq.* with this court under case no. 08-73596-ast and an Order of Relief was duly entered. Schedule A falsely listed the Debtor as an owner in fee simple of the Premises. A notice of deficiency was issued on the same day, indicating that Marie Montalvo failed to file copies of pay statements.

27. On the 18th day of July, 2008, the Owner filed a motion for relief from the automatic stay so that the Owner could proceed with eviction proceedings against the Debtor. An order granting relief from the automatic stay was entered on the 19th day of August 2008. A copy of the Order is attached as **Exhibit I**.

28. On the 26th day of September, 2008, an Order dismissing the case was duly entered pursuant to a Motion by the Chapter 13 Trustee and the case was closed on the 17th day of October, 2008. A copy of this Order is attached hereto as **Exhibit J**. The case was dismissed because the Debtor failed to file copy of pay statements, failed to file copies of federal tax income tax return, failed to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1, failed to appear at the Section 341 meeting of creditors, and failed to commence making Chapter 13 plan payments.

**Case no.: 09-70093**

29.     On the 9th day of January, 2009, John Montalvo, filed a Petition under Chapter 13 of Title 11 U.S.C. § 101 *et seq.* with this court under case no. 09-70093-reg and an Order of Relief was duly entered. Schedule A falsely listed John Montalvo as an owner in fee simple of the Premises. At the same time, John Montalvo filed a Notice of Compliance and Intent to Cure.

30.     On the 20th day of January, 2009, the Owner made a motion for relief from the automatic stay seeking to terminate the stay so that the Owner could continue with its efforts to evict the occupants of the Premises.

31.     On the 28th day of January, 2009 an Order was entered by the Court dismissing the case because John Montalvo failed to pay the filing fee, and the case was closed on the 19th day of February, 2009.

**Case no. 09-72774**

32.     On the 22nd day of April, 2009, Marie Montalvo, filed a Petition under Chapter 13 of Title 11 U.S.C. § 101 *et seq.* with this court under case no. 09-72774-ast and an Order of Relief was duly entered. Schedule A falsely listed Marie Montalvo as an owner in fee simple of the Premises. A notice of deficiency was entered due to the failure to filed copies of pay statements.

33.     Subsequently, Marie Montalvo filed a Notice of Compliance and Intent to Cure. In doing so, Marie Montalvo has falsely represented to the court that a Landlord Tenant relationship exists between the Owner and the occupants of the Premises. On the 5th day of May, 2009, the Owner, through its attorneys, filed an Objection setting forth that no Landlord Tenant relationship exists and that the Owner and the occupants of the Premises have not entered into a

rental or lease agreement either before or after the filing of the instant bankruptcy petition. On the 6th day of May, 2009, the rent deposit was returned to Marie Montalvo.

34. The bankruptcy filing occurred on the same day as the Owner had scheduled a lockout on the Premises.

## ARGUMENT

### POINT I

### THE COURT SHOULD EXERCISE ITS AUTHORITY PURSUANT TO 11 U.S.C. § 105(A) TO GRANT IN REM RELIEF.

35. It is well accepted that "one of the primary purposes of bankruptcy is to provide the 'honest but unfortunate debtor' with the opportunity to make a 'fresh start.'" *In re Dupuy*, 308 B.R. 843, 848 (Bankr. E.D. Tenn. 2004). It is equally recognized that "all bankruptcy petitions must be filed in good faith and must be 'fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions.'" *Dupuy*, 308 B.R. at 848-849.

36. However, "the filing of repetitive bankruptcy cases to forestall secured creditors from exercising foreclosure rights, and without any intent to comply with basic bankruptcy requirements, is an abuse of process and a violation of the spirit and intent, if not the actual letter, of the Bankruptcy Code." *In re Hughes*, 2007 Bankr. LEXIS 1328 at *41-42. (Bankr. N.D. Tex. 2007). In such cases, *in rem* relief is appropriate in order to allow the Secured Creditor to complete the foreclosure process. *See Gonzalez-Ruiz*, 341 B.R. at 385 (*in rem* relief appropriate where Debtors filed four bankruptcy cases in order to prevent the creditor from completing foreclosure); *In re Selinsky*, 365 B.R. 260 (Bankr. S.D. Fl. 2007) (Court ordered *in*

*rem* relief where the Debtor and her husband's five bankruptcy filings constituted a gross abuse of the bankruptcy process).

37. Section 105(a) of the Bankruptcy Code provides in pertinent part that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). It is established that § 105 empowers the Court "to provide a creditor with prospective relief from the automatic stay where it is clear that a debtor has filed successive bankruptcy petitions to stay foreclosure sales without the intention of completing or without having the ability to complete the bankruptcy process in good faith." *In re Feldman*, 309 B.R. 422, 426 (Bankr. E.D.N.Y. 2004); *see also In re Henderson*, 395 B.R. 893 (Bankr. D.S.C. 2008) (the authority of the Court to grant *in rem* relief stems from its broad powers under 11 U.S.C. § 105(a) to issue orders necessary to carry out provisions of the Bankruptcy Code and prevent abuse of process).

38. "*In rem* relief is prospective relief that will apply to others who may file a petition and invoke the automatic stay as to the same real property." *In re Lord*, 325 B.R. 121, 129 (Bankr. S.D.N.Y. 2005).

39. "An order granting *in rem* relief from stay is an appropriate remedy when a debtor or transferee of a debtor serially files bankruptcy petitions solely to invoke the automatic stay." *Gonzalez-Ruiz v. Doral Financial Corp.*, 341 B.R. 371, 384 (B.A.P. 1st Cir. 2006). "An *in rem* order . . . attaches to the property and prevents the imposition of the automatic stay *only as to the property at issue* in future bankruptcy filings by co-owners." *In re Keefer*, 2005 Bankr LEXIS 2149 at *11 (Bankr. S.D.N.Y. February 10, 2005). The purpose of *in rem* relief is to prevent "an abuse of the bankruptcy code by multiple debtors acting in concert." *Keefer*, 2005 Bankr LEXIS at *11.

40. In order to grant *in rem* relief, "'the record must clearly demonstrate an abuse of the bankruptcy process through multiple filings with the sole purpose of frustrating the legitimate efforts of creditors to recover their collateral.'" *Henderson*, 395 B.R. at 901 *quoting In re Price*, 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004).

41. Here, *in rem* relief is appropriate because a review of the record demonstrates that the Debtor, and her husband have engaged in a history of serial, tag-team filings, with no intent to complete the bankruptcy process.

42. What is even more egregious is that since 2007, the Debtor and non-debtors have been residing in the property that is no longer owned by any of them. As a Court of Equity, the Secured Creditor implores this Court to grant relief *in rem* relief as against the property.

43. Therefore, "the multiple filings are evidence of bad faith and evidence of the fact that the Debtor [and non-debtor] are abusing the bankruptcy process." *Price*, 304 B.R. at 774 (*in rem* relief granted where the Debtor and her husband filed six bankruptcy cases). Thus, *in rem* relief is appropriate.

44. Additionally, while *in rem* relief is an extraordinary form of relief, it has "been granted where 'an ordinary relief from the stay order will not be effective as demonstrated by the prior history of the parties and the property.'" *In re Price*, 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004). As demonstrated by the factual history, ordinary relief from the stay has been ineffective in allowing the Owner to complete the foreclosure and eviction process. Each time the Owner has requested relief against the debtor solely, another bankruptcy filing has followed in order to further delay the foreclosure and eviction process. In fact, it took over one year for the Owner to finally complete the foreclosure sale, and it is going almost two years that it is taking the Owner to evict the occupants of the property.

45. Based on the foregoing, the record unequivocally demonstrates that there has been a history of family members engaging in serial, tag-team bankruptcy filings. As such, an order granting *in rem* relief *in rem* relief as to the real property commonly known as 117-36 238th Street, Elmont, New York 11003 such that any and all future filings by any person or entity with an interest in the property shall not operate as an automatic stay against the Owner and its successors and/or assigns is appropriate.

## POINT II

### THE AUTOMATIC STAY SHOULD BE TERMINATED PURSUANT TO 11 U.S.C. § 362(d)(4)(B).

46. It is well established that a creditor whose debt is secured by residential real property may move under 11 U.S.C. § 362(d) for relief from the automatic stay. Under BAPCPA, a new section of 362(d) was added with the intent "to reduce abusive filings." *In re Muhaimin*, 343 B.R. 159 (Bankr. D. Maryland 2006) *citing* H.R. Rep. 109-31(I) at 69 (2005). 11 U.S.C. § 362(d)(4)(B) provides that

> "the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved . . . multiple bankruptcy filings affecting such real property."

11 U.S.C. § 362(d)(4)(B).

47. This provision also provides that relief under this section "shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court . . . ." 11 U.S.C. § 362(d)(4)(B).

48. The facts of this case support the conclusion that relief pursuant to § 362(d)(4)(B) is appropriate and the automatic stay should be terminated with respect to the Secured Creditor's interest in the Premises.

49. A review of the several bankruptcy filings by the Debtor and non-debtor demonstrate that they have embarked on a common scheme to delay, hinder, and defraud.

50. The repeated filings by the Debtor and non-debtor clearly have resulted in undue delay and hindrance of the Owner's efforts to foreclose on the Premises and now, on the Owner's attempts to evict the occupants of the Premises. Upon the filing of certain bankruptcy petitions, the Owner was forced to cancel the pending foreclosure sale. With respect to the instant case, the Owner was forced to incur the costs associated with the lockout. Also, the timing of the filing of the bankruptcy petitions in relation to the foreclosure sale and eviction proceedings calls into question the sincerity of the bankruptcy filings. Two of the cases were filed within days of the scheduled foreclosure sale, and the instant case was filed on the day of the scheduled lockout.

51. Additionally, a review of the filings shows intent to defraud. Since the foreclosure sale, the Debtor and non-debtor have continued to list themselves as owners in fee simple of the Premises despite the fact that the result of the foreclosure sale was that HSBC became the legal owner of the Premises. *See* Exhibit A. Additionally, in the past two bankruptcy filings, the Debtor and non-debtor have embarked on a new course of misrepresentations by representing to the court that a Landlord-Tenant relationship exists even though no lease or rental agreement was entered into between the occupants of the Premises and the Owner.

52. Further, not one of the Chapter 13 cases filed with respect to this property was ever completed, making it is clear that the Debtor and non-debtor have no true intent to reorganize under the Bankruptcy Code. In fact, in the cases where the Debtors failed to meet even the basic filing requirements, which resulted in an automatic dismissal of at least two cases. The Debtor's and non-debtor's cases have been dismissed upon motion by the Chapter 13 Trustee for such procedural deficiencies as failing to commence making Chapter 13 plan payments, failing to attend the Section 341 meeting of creditors, or failing to meeting the disclosure requirements of the Local Bankruptcy Rules. Based on the type of deficiencies in each case, it is clear that the Debtor and non-debtor are not filing a petition for bankruptcy in order to reorganize their debt, but rather, have an underlying motive to stall the Owner from enforcing the rights it holds pursuant to state law.

53. The Owner has sustained injury as a result of the repeated filings in this case. The Owner has not received a payment on the property since December 2005, and completed the foreclosure sale in October 2007. For more than three years, the Debtor and her family have enjoyed use of the property all to their own benefit and to the detriment of the Owner.

54. Additionally, the Owner is suffering immediate and irreparable injury and loss because the Owner is not receiving any income to pay the real estate taxes and/or hazard insurance.

55. In *In re McCray*, 342 B.R. 668 (Bankr. D.C. 2006), the Court relied on 11 U.S.,C. §362(d)(4) to grant the creditor's motion for relief from the stay and enter an order that no further filings would have an effect of implementing the automatic stay for a period of two years. There, the creditor had obtained ownership of the property by way of a deed of trust at the foreclosure sale, and was attempting to evict the occupants of the property. At the time of the

foreclosure sale, the record owner was Ronald Anderson. Mr. Anderson filed a bankruptcy petition to stay the eviction proceeding, but the creditor obtained relief from the stay to proceed with the eviction proceedings. Ronald Anderson's wife, Mrs. Anderson subsequently filed a bankruptcy petition and forced the creditor to again seek relief from the stay. The third bankruptcy filing came from a third individual who claimed she was a co-owner and occupant of the property. In so holding, the Court reasoned that the two year bar was necessary to prevent the "Andersons [from] persuading some individual to file a case claiming to be an occupant of the property." 342 B.R. at 670.

56.     The facts of the instant case are even more egregious than those exhibited by the Debtor in *McCray*. Here, the Debtor and non-debtors have filed six cases over two years, all in an attempt to delay the foreclosure and eviction process. Neither the Debtor nor the other occupants of the property are the legal owners, and no lease agreement was ever entered into between the Debtor/non-debtors and the Owner.

57.     As can be seen from the history of filings, there has been a repeated attempt to thwart the Owner's attempts to gain access to the property. Based on this history of abuse, this Court should grant the Secured Creditor's requested relief and issue an order that would prevent the imposition of the automatic stay on the Property for at least two years in order to provide the Owner time to complete the eviction process, but also to prevent the Debtor/non-debtors from persuading other individuals from filing for bankruptcy and claiming to be an occupant of the Premises.

58.     Based on the foregoing, the Owner has provided ample cause to justify the Court issuing an order pursuant to § 362(d)(4)(B). The pattern of conduct suggests that the Debtor/non-debtors are not sincere in attempting to restructure their debts and that they lack the

intention to perform their duties under the Bankruptcy Code. As such, the Owner requests an Order of the Court terminating the automatic stay, with prejudice, such that any and all future filings by any person or entity with an interest in the real property commonly known as 117-36 238th Street, Elmont, New York 11003, shall not operate as an automatic stay against the Owner for a period of two years from the date of entry of the Order.

### POINT III

### THE INSTANT CASE SHOULD BE DISMISSED AND THE DEBTOR AND NON-DEBTOR SHOULD BE BARRED FROM FUTURE BANKRUPTCY FILINGS.

59. In addition to the foregoing relief, the circumstances of this case warrant that the Court issue an Order dismissing the Debtor's bankruptcy filing and precluding the Debtor and the non-debtor from being able to file any petitions under any provision of the Bankruptcy Code anywhere in the United States for a period of at least two years.

60. Section 1307(c) of the Bankruptcy Code provides that at the request of a party in interest, a court may, *for cause*, dismiss a case under Chapter 13 or convert it to a Chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1307(c).

61. While § 1307 contains a list of grounds for dismissal or conversion, the list is not exhaustive and the Court may dismiss a case for "'lack of good faith' often referred to as 'bad faith.'" *Gonzalez-Ruiz*, 341 B.R. at 382; *see also In re Joobeen*, 385 B.R. 599, 610 (E.D. Pa. 2008) *citing In re Myers*, 491 F.3d 120, 125(3d Cir. 2007) (A bankruptcy filing made in bad faith may be dismissed 'for cause' under 11 U.S.C. § 1307(c), although § 1307(c) does not explicitly mention the good faith requirement).

62. It has been recognized by the Courts that "serial filings are a badge of bad faith, as are petitions filed to forestall creditors." *Keefer*, 2005 Bankr. LEXIS at *19; *see also In re*

*Felberman*, 196 B.R. 678 (Bankr. S.D.N.Y. 1995). Likewise, "the suspicious timing of a bankruptcy petition is an appropriate factor for a court to consider in the bad faith analysis." *Joobeen*, 385 B.R. at 611. "Moreover, a bankruptcy court may reasonably find that bad faith exists 'where the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose.'" *Id.* (citation omitted).

63. Additionally, "it is well-settled that bankruptcy courts 'derive from § 105(a) or § 349(a) of the Code . . . the power to sanction bad faith serial filers . . . by prohibiting further bankruptcy filings for longer periods that that 180 days specified by § 109(g).'" *Joobeen*, 385 B.R. at 609-610; *Casse*, 198 F.3d at 339 ("as long as the dismissing court finds cause, a bankruptcy action may be dismissed with prejudice for 180 days, or more, without violating the terms of § 349(a) or, for that matter, § 109(g)"); *see also In re Jones*, 289 B.R. 436 (Bankr. M.D. Ala. 2003) (Debtor enjoined from filing a petition anywhere in the United States for a period of five years from the date of the order); *In re Selinsky*, (Debtor and her husband barred from filing a new bankruptcy case anywhere in the United States for a period of two years).

64. The history of filings is evidence of bad faith and abuse of the bankruptcy process, and it is within the Court's power to put a stop to this cycle of abuse. In looking at the totality of filings regarding the subject Premises, it is clear that there is evidence of bad faith that would justify the requested relief. Since the conclusion of the foreclosure sale, the Owner has engaged in an active fight to evict the occupants of the Property. Each time the Owner gets close to accomplishing this goal, another bankruptcy petition is filed, further thwarting its efforts. Further evidence of bad faith is evinced from the timing of the bankruptcy filings as related to the scheduling evictions.

65. Further, dismissal with prejudice is warranted where a debtor files a series of bankruptcy petitions that are strategically timed to thwart a secured creditor from foreclosing on its collateral. *See In re Casse*, 198 F.3d 327 (2d Cir. 1999). In *Casse*, the bankruptcy court found that the debtors acted in bad faith, because "the Debtors were impermissibly employing the Bankruptcy Code in futile bankruptcy reorganization efforts solely to thwart [the creditor] from exercising its legitimate contractual and state law foreclosure remedies . . . ." *Casse*, 198 F.3d at 332. As such, the bankruptcy judge issued an order dismissing the debtors' case and barring the debtors, with prejudice, from any further filings under the Bankruptcy Code. On appeal, the Second Circuit upheld the decisions of the lower court, reasoning that §§ 105(a) and 349(a) of the Bankruptcy Code provide the bankruptcy court the authority "in an appropriate case, to prohibit a serial filer from filing petitions for periods of time exceeding 180 days." 198 F.3d at 339.

66. As previously noted, here, the foreclosure sale has already been completed on the property. However, for almost two years, the Owner has been working to evict the tenants/prior owners of the property so that it can market the house for sale.

67. Similar to the debtors in *Casse*, the Debtor and non-debtors in the instant case are not found to be "in the ranks of the nation's honest debtors, but among the Hannibal Lecters of current bankruptcy litigation." *Casse*, 198 F.3d at 332. Here, the Debtor and non-debtors have filed a total of six (including this case) bankruptcy filings within the past two years. There has been little, if any, gaps in time between the dismissal of one case and the filing of the next case.

68. The history of this case demonstrates that the Court has adequate cause to issue an order dismissing the Debtor's Chapter 13 case and barring the Debtor and non-debtors from being able to file under any Code provisions for a period exceeding 180 days. In order to

prevent any further tag team filing, it is necessary that the Court issue an order, with prejudice, dismissing the Debtor's case and preventing anyone with an interest in the Property from filing for bankruptcy under the Bankruptcy Code anywhere in the United States for a period of at least two years.

WHEREFORE, the Secured Creditor respectfully requests (1) an Order pursuant to 11 U.S.C. §105(a) granting *in rem* relief as to the real property commonly known as 117-36 238th Street, Elmont, New York 11003, (2) an Order pursuant to 11 U.S.C. § 362(d)4)(B) terminating the automatic stay as to movant's interest in real property commonly known as 117-36 238th Street, Elmont, New York 11003, (3) an Order dismissing the Debtor's Chapter 13 case, and (4) an Order barring the Debtor and non-debtors from filing any bankruptcy petition in any jurisdiction for a period of two years following the entry of the Order, together with such other and further relief as the Court deems just and equitable.

Dated: May 7, 2009
       Buffalo, New York

                                Yours, etc.
                                STEVEN J. BAUM, P.C.
                                Attorneys for Owner HSBC Mortgage Services, Inc.

                                By: _____
                                Natalie A. Grigg, Esq.
                                220 Northpointe Parkway
                                Suite G
                                Amherst, New York 14228
                                (716) 204-2400

Subscribed and sworn to before me
This 7th day of May 2009

_____
Notary Public

SHERRI A. BEALS
Notary Public, State of New York
Qualified in Erie County
My Commission Expires February 13,

18