UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

MARIE MONTALVO,                                           Case No.: 09-72774-ast
                                                                                      Chapter 13

                                                       Debtor.
-------------------------------------------------------------------X

**APPEARANCES:**

Dennis Jose, Esq.
Steven J. Baum PC
900 Merchants Concourse  Suite 412
Westbury, New York 11590

Marie Montalvo
Debtor, Pro Se
117-36 238th Street
Elmont, New York 11003

HON. ALAN S. TRUST, United States Bankruptcy Judge

## MEMORANDUM OPINION GRANTING IN REM RELIEF AND DISMISSING CASE WITH PREJUDICE

### Issues Before the Court and Summary of Ruling

Pending before this Court is the request of a mortgage lender for *in rem* relief regarding a certain mortgaged premises, and for dismissal of this case with prejudice.  For the reasons herein, this Court will grant the request for *in rem* relief, and will dismiss this case with prejudice.

### Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G) and (O), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

**Findings of Fact and Conclusions of Law**

On May 21, 2009, and June 2, 2009 (the "Hearings"), this Court conducted hearings on the Motion for Relief from Stay (the "Motion") filed by HSBC Mortgage Services ("HSBC"). [dkt item 13]  The following findings of fact and conclusions of law, in addition to those stated on the record at the conclusion of the Hearing on June 2, 2009, are made in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

**Procedural History**

By its Motion, HSBC requests that this Court grant relief from stay to continue eviction proceedings with respect to the property located at 117-36 238th Street, Elmont, New York 11003 (the "Property").  HSBC also requests this Court grant *in rem* relief as to the Property, and dismiss this case with prejudice.

Debtor failed to respond to or oppose the Motion.  At the first hearing held on May 7, 2009, this Court granted the Motion in part by granting relief from the stay for HSBC to proceed to exercise its state law eviction remedies with respect to the Property.  The Court then adjourned the Hearing to consider the requests for in rem relief and dismissal with prejudice to June 2, 2009, in order to give the affected parties an additional opportunity to respond to these portions of the Motion.  An Order granting relief to proceed with the eviction and adjourning the Hearing to June 2 was entered on May 26, 2009. [dkt item 24] Thereafter, HSBC timely served Debtor and the parties-in-interest with notice of the June 2 Hearing date. [dkt item 23]

**Factual History**

Marie Montalvo (the "Debtor"), along with John Montalvo and Louis Montalvo (the "Nondebtors"), executed a mortgage dated September 16, 2005, in the original amount of

$320,000.00 (the "Mortgage"). The Mortgage created a lien against the Property in favor of HSBC. The Mortgage secured a Note in the amount of $320,000.00, dated September 16, 2005, executed by Louis Montalvo in favor of HSBC (the "Note).

In January 2006, Louis Montalvo defaulted on the Note and Mortgage. On June 2, 2006, HSBC commenced foreclosure proceedings against Debtor and the Nondebtors by filing a Summons, Complaint, and Notice of Pendency of Action with the Nassau County Supreme Court (the "Foreclosure Action"). At the time the Foreclosure Action was commenced, the Note had been in default since the failure to make the January 1, 2006 payment. Debtor and the Nondebtors failed to file an Answer to the Complaint or otherwise appear in the Foreclosure Action.

On November 27, 2006, the Nassau County Supreme Court issued a Judgment of Foreclosure and Sale, which was duly entered in the Office of the Clerk of Nassau County. Execution of this Judgment, however, was frustrated by a series of bankruptcy filings by Debtor and John Montalvo, as detailed below.

Ultimately, the foreclosure sale of the Property was completed on October 9, 2007. As a result of the sale, HSBC is the current owner of the Property.

The Debtor and Nondebtors are, or have been, occupants of the Property.

On November 5, 2007, Debtor, Nondebtors, Jack Doe, and any John/Jane Does residing at the Property were served with a Notice to Quit, advising them that they needed to vacate the Property within ten (10) days or eviction proceedings would be commenced.

On January 23, 2008, a Judgment Awarding Possession of Real Property was entered by the state court, awarding possession of the Property to HSBC, and ordering a Warrant of Eviction to be issued and executed.

On January 25, 2008, a Warrant of Eviction was signed by the Nassau County District Court.

Since January of 2008, HSBC has been attempting to evict the Debtor and the Nondebtors from the Property. Those efforts, however, have also been frustrated by a series of bankruptcy filings by Debtor and John Montalvo.

## The History of the Bankruptcy Filings

**1.     Debtor's First Case, No. 07-70489**

On February 15, 2007, Debtor filed a Chapter 13 petition with this Court under case number 07-70489. An Order for Relief was duly entered. Debtor listed the Property in her Schedule A, and asserted that her interest was a fee simple ownership among herself, Louis Montalvo, and John Montalvo. Schedule D listed HSBC as a secured creditor holding a lien against the Property.

This first bankruptcy petition was filed five (5) days before a foreclosure sale of the Property was scheduled to be conducted by a referee on behalf of HSBC.

On May 7, 2007, an Order dismissing Debtor's first case was entered by the Court, pursuant to a motion made by the Chapter 13 Trustee. The case was dismissed because the Debtor failed to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1, failed to commence making Chapter 13 plan payments, and failed to appear at the Section 341 Meeting of Creditors. On June 14, 2007, Debtor's first case was closed.

**2.     John Montalvo's First Case, No. 07-72320**

On June 25, 2007, John Montalvo filed a Chapter 13 petition with this Court under case number 07-72320. John Montalvo listed the Property in Schedule A, and noted that the there was a mortgage against the Property. The Court issued a deficiency notice for

John Montalvo's failure to file required documents.

Significantly, John Montalvo's first case was filed one (1) day before a scheduled foreclosure sale of the Property was to be conducted by a referee on behalf of HSBC.

On July 27, 2007, the Court issued a Final Notice of Section 521 Deficiencies, which was served on John Montalvo. He did not respond. Consequently, John Montalvo's first case was automatically dismissed on August 10, 2007, and then closed on August 28, 2007.

**3.      John Montalvo's Second Case, No. 07-73978**

On October 9, 2007, John Montalvo filed his second Chapter 13 case with this Court, case number 07-73978. A notice of deficiency was issued on the petition date because John Montalvo had failed to file a statistical summary of certain liabilities, Schedules I and J, his statement of financial affairs, his statement of current monthly income and means test, and copies of pay statements.

Notably, John Montalvo's second case was filed on the same day as a scheduled foreclosure sale of the Property was to be conducted by HSBC. However, John Montalvo's case was not filed with the Bankruptcy Clerk until after completion of the foreclosure sale.

On November 15, 2007, HSBC filed a motion for relief from the automatic stay. A hearing thereon was scheduled to be heard on December 18, 2007.

A Final Notice of Section 521 Deficiencies was served on John Montalvo on November 9, 2007. On November 26, 2007, John Montalvo's second case was automatically dismissed. On December 17, 2007, that case was closed, and therefore, HSBC's scheduled hearing on its motion to lift stay was marked off the calendar.

In the Foreclosure Action, the state court subsequently determined the foreclosure sale held on October 9, 2007, was valid. This determination has never been challenged before this Court, or, apparently, before the state court.

4. **Debtor's Second Case, No. 08-73596**

On July 8, 2008, Debtor filed her second Chapter 13 case with this Court under case number 08-73596. In her Schedule A, Debtor listed herself as an owner in fee simple of the Property. A notice of deficiency was issued on the petition date because Debtor had failed to file copies of pay statements.

On July 18, 2008, HSBC filed a motion for relief from the automatic stay so that it could proceed with eviction proceedings. An order granting relief from the automatic stay was entered on August 19, 2008.

On September 26, 2008, an Order dismissing Debtor's second case was entered, pursuant to a Motion filed by the Chapter 13 Trustee. Debtor's second case was dismissed because Debtor failed to file copies of pay statements, failed to file copies of federal tax income tax return, failed to comply with the disclosure requirements of E.D.N.Y. LBR 2003-1, failed to appear at the Section 341 meeting of creditors, and failed to commence making Chapter 13 plan payments. Debtor's second case was closed on October 17, 2008.

5. **John Montalvo's Third Case, No. 09-70093**

On January 9, 2009, John Montalvo filed his third Chapter 13 case with this Court under case number 09-70093. On his Schedule A, John Montalvo falsely listed himself as an owner in fee simple of the Property. Along with his petition, John Montalvo filed a Notice of Compliance and Intent to Cure pursuant to Section 362(*l*). In this Notice, John Montalvo falsely represented to the Court that he had a landlord-tenant relationship with

HSBC, and attempted to cure an alleged rent deficiency.

On January 20, 2009, HSBC filed a motion for relief from the stay, seeking to terminate the stay so that it could continue with its efforts to evict the occupants of the Property, including Debtor and Nondebtors.

On January 28, 2009, this Court entered an Order dismissing John Montalvo's third case because he had failed to pay the filing fee in full after his application to pay in installments had been denied. John Montalvo's third case was closed on February 19, 2009.

### 6.  **Debtor's Third Case, the current case, No. 09-72774**

On April 22, 2009, Debtor filed this, her third Chapter 13 case. This case was filed on the date HSBC had scheduled a lockout of the Property, in furtherance of its eviction action. In her Schedule A, Debtor falsely listed herself as an owner in fee simple of the Property. The Court issued a notice of deficiency to Debtor due to her failure to file copies of pay statements.

Subsequently, Debtor filed a Notice of Compliance and Intent to Cure, invoking Section 362(l). [dkt item 7]  In doing so, Debtor falsely represented to the Court that a landlord-tenant relationship exists between HSBC, as owner, and the occupants of the Property, including the Nondebtors, as tenants. Debtor attempted to cure an alleged $300.00 rent deficiency. This notice was virtually identical to the one John Montalvo had filed in his third case.

On May 5, 2009, HSBC, as owner of the Property, in accordance with Section 362(l), filed an Objection to the Notice, setting forth that no landlord-tenant relationship existed, and that HSBC and the occupants of the Property had not entered into a rental or

lease agreement either before or after the filing of the instant bankruptcy case. [dkt item 11]  On May 6, 2009, the purported rent deposit was returned to Debtor by the Clerk of the Court. [dkt item 12]

## **Legal Analysis of In Rem Relief and Dismissal with Prejudice**

As is evident from the history and timing of these six bankruptcy filings, the Debtor in this case, as well as her family member, John Montalvo, have engaged in serial bankruptcy filings, first to prevent the foreclosure process from being completed by HSBC, and then to prevent the eviction process from being completed on behalf of HSBC.

Debtor and John Montalvo have evinced no true intention to reorganize their financial affairs under chapter 13 of the Bankruptcy Code.  Rather, they have engaged in serial filings to thwart the efforts of HSBC to exercise its lawful rights under state law.  The serial filings are evidence of bad faith, and evidence of the fact that Debtor and John Montalvo are abusing the bankruptcy process.

These uncontroverted facts support the Court's conclusion that Debtor and John Montalvo have engaged in a scheme to hinder, delay, and defraud HSBC.

### *In Rem* **Relief**

Among the amendments to the Bankruptcy Code effected by the 2005 Bankruptcy Abuse and Consumer Protection Act ("BAPCPA"),  was the addition of section 362(d)(4), providing for the statutory authority to grant *in rem* relief. Pursuant to Section 362(d)(4)[1],

---

[1]Section 362(d)(4) provides in relevant part:
[W]ith respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either-

(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

the Court can grant *in rem* relief from the stay as to HSBC's interest in the Property, such that any and all future filings by any person or entity with an interest in the Property will not operate as an automatic stay against the owner and its successors and/or assigns for a period of two years after the date of the entry of such an order. To obtain the relief requested, HSBC bears the burden of showing that the various petitions filed by Debtor and the Nondebtors are part of a scheme to hinder, delay and defraud HSBC under Section 362(d)(4)(B). There is no allegation here that the Debtor and/or the Nondebtors have engaged in transfers of interests in the property under Section 362(d)(4)(A).

Recently, Judge Grossman of this Court wrote on the standard of proof to obtain *in rem* relief addressed a case in which a lender asserted that there was "ample cause" to grant *in rem* relief. *In re Lemma*, 394 BR. 315 (Bank. E.D.N.Y. 2008). There, however, the bank failed to point to anything other than the existence of three bankruptcy filings by the debtor as such cause. *Id.* at 318. Michael Lemma and Lube Lemma were debtors in the third case. *Lemma* discusses the burden on a party seeking *in rem* relief to prove that the current filing is part of a scheme, that the scheme involved the transfer of real property or multiple bankruptcy filings, and that the object of the scheme is to hinder, delay and defraud the Bank. *Id.* at 324 (citing *In re Abdul Muhaimin*, 343 B.R. 159, 167-68 (Bankr. D. Md. 2006)). The *Lemma* court denied *in rem* relief, finding as follows:

> The Bank has not provided any showing that Debtors' actions are evidence of a scheme to defraud the Bank. In fact, Debtors have been making the plan payments and have attempted to tender the post petition mortgage payments to the Bank, which the Bank has refused. If anything, this evidences a lack of intent by Debtors to defraud the Bank. Therefore, this request for relief is denied.

---

(B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4).

Memorandum Opinion - p. 9

*Lemma*, 394 B.R. at 325.

Courts have varied on whether a bankruptcy court can infer an intent to hinder, delay and defraud from the fact of serial filings alone. *Compare In re Poissant*, 405 B.R. 267, 273 (Bankr. N.D. 2009); *In re Abdulla*, No. 08-16802, 2009 WL 348365 at *1 (Bankr. D. Mass. Feb. 6, 2009); *and In re Smith*, 395 B.R. 711, 719-20 (Bankr. D. Kan. 2008) (several filings alone are not adequate to find intent to hinder, delay and defraud, which requirements are in the conjunctive and must all be demonstrated); *with In re Hendersen*, 395 B.R. 893, 902 (Bankr. D.S.C. 2008); *and In re Johnson*, No. 07-33312, 2008 WL 183342 (Bankr. E.D. Va. Jan. 18, 2008) (finding multiple, strategically timed bankruptcy filings can be basis for inference of debtor's intent to hinder, delay and defraud).

In this case, there have been six strategically timed bankruptcy filings affecting the Property, thereby satisfying the multiple filings prong of Section 362(d)(4)(B). The issue, then, is whether HSBC has proven that the filing of the instant case was part of a scheme to delay, hinder, and defraud creditors.

In this case, Debtor has neither filed nor confirmed a chapter 13 plan. Debtor has made no postpetition payments to HSBC, and falsely claimed that she had a landlord-tenant relationship with HSBC. Debtor did not confirm a plan in either of her prior cases. Similarly, frequent debtor John Montalvo has evinced no good faith. He neither filed nor confirmed a chapter 13 plan in any of his cases. He also falsely claimed a landlord-tenant relationship with HSBC. Neither Debtor nor John Montalvo filed the required documents and information necessary to continue as a chapter 13 debtor in any of their six cases. Both invoked the provisions of Section 362(*l*), a narrow and specific provision of the Bankruptcy Code limited in its applicability to residential landlord-tenant situations in which

a prepetition judgment for possession has been entered. *See* 11 U.S.C. § 362(*l*). The invocation of this provision demonstrates that both Debtor and John Montalvo took the time to develop a knowledge or understanding of the Bankruptcy Code well beyond that of a naive filer.

The timing and sequencing of the filings is also significant. Each was filed on the eve of or shortly before significant events affecting the Property. The uncontroverted record of the filings and lack of any good faith prosecution of these cases allow this Court to draw a permissible inference and find that the instant petition was part of a scheme of Debtor to delay, hinder, and defraud HSBC.

Based on his multiple filings, John Montalvo was a part of this scheme. However, it is unclear from the record what the precise relationship is between John Montalvo and Debtor with Louis. HSBC can only point to Louis being a signatory on the Mortgage as a nexus with the actions of John Montalvo and Debtor. The question, then, is whether a party who has neither sought nor obtained the benefit of protection under the Bankruptcy Code can have his or her rights affected by *in rem* relief arising from the bankruptcy filings of co-owners of the property.

This Court concludes that Congress did provide for *in rem* relief affecting real property in such a circumstance. The automatic stay protected Louis Montalvo's interests in the Property as the result of Debtor's and John Montalvo's multiple filings pursuant to Sections 362(a) and 1301. *See Lemma*, 394 B.R. at 320. Section 362(d)(4) specifically provides that a court may grant in rem relief as to "a stay of an act against real property" under Section 362(a), if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors. This provision is not limited to a stay of an act against the debtor's interest in the subject real property.

Other sections of the Bankruptcy Code and, in fact, within Section 362, speak to acts affecting the debtor as opposed to the debtor's interest in particular property.  By way of example, Section 362(c)(3)(A), in addressing a second individual or joint case filed within one year following the dismissal of a prior case,  provides that "the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case."  Section 1301 addresses a stay of acts against a nonfiling co-obligor, and stay relief as against the nonfiling co-obligor.  Section 541(a)(2) addresses property of the debtor and a nondebtor as property of the estate in a community property estate.  Thus, when Congress intended to differentiate acts affecting the debtor from acts affecting property in which the debtor owned an interest, it did so. *See Field v. Mans*, 516 U.S. 59, 67 (1995)("'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion'") (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).

Further, it would be difficult to provide for *in rem* relief, relief as to the property, if the Court could only grant partial *in rem* relief—that is, relief as to certain persons' interests in that property.  Thus, *in rem* relief should be just that—relief effecting all entities claiming to hold an interest in the property, regardless of whether they sought bankruptcy protection.

As for any potential due process concerns regarding Louis Montalvo, *in rem* relief in this case has been granted after no less than two (2) hearings on notice to Louis Montalvo. Further, Congress did provide for a court in a subsequent case to grant relief from a prior *in rem* order. Section 362(d)(4)(B) provides that:

> If recorded in compliance with applicable State laws governing notices

>of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, **except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing**.

11 U.S.C. § 362(d)(4)(B) (emphasis added). Thus, a nondebtor whose rights are affected by an order granting *in rem* relief could obtain relief from the *in rem* provisions upon a showing of good cause or changed circumstances.

Therefore, this Court will enter an Order such that any future bankruptcy filing affecting the Property will not operate as a stay of any action against the Property for a period of two years after the date of the entry of such order.

### Dismissal with Prejudice

This Court has the authority to dismiss Debtor's bankruptcy case with prejudice to refiling. 11 U.S.C. § 349(a). Section 349(a) of the Bankruptcy Code provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." *Id.* Section 109(g) provides that a debtor is ineligible to file a bankruptcy case for 180 days if "[a prior] case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case" or if "the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay. . .." 11 U.S.C. § 109(g)(1), (2). Whether to dismiss a case with prejudice is committed to the sound discretion of the court. *See generally In re Ventura*, 375 BR. 103 (Bankr. E.D.N.Y. 2007).

Debtor's case will be dismissed on December 31, 2009, with prejudice to her refiling

for a period of one (1) year following entry of the Order of dismissal. This Court has already determined that her conduct in this and her prior two cases amounts to part of a scheme to delay, hinder, and defraud HSBC. Section 349 states no outside period for dismissal with prejudice. In this Court's view, a period of one year is within the sound discretion committed to this Court by Congress. *See, e.g.*, *In re Casse*, 198 F.3d 327 (2d Cir. 1999)(holding that dismissal with prejudice for a period greater than 180 days is authorized under Sections 105 and 349 with no outside limits); *In re Turnheim*, 239 B.R. 677 (Bankr. E.D.N.Y. 1999)(dismissing with prejudice for two years).

## **CONCLUSION**

For the reasons stated herein, *in rem* relief should be granted, and dismissal with prejudice for one (1) year should be granted. HSBC's counsel is directed to submit Order consistent herewith within ten (10) days following entry of this opinion.



**Dated: October 5, 2009**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**